SUMMARY ORDER
Appellants Richard Trantham and Tori-ano Trantham appeal from judgments of conviction entered on November 6, 2007. Following a jury trial, the appellants were convicted of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), a provision of the Hobbs Act, and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(i).
The appellants make three arguments on appeal: (1) that the indictment should be dismissed on the ground that the government “manufactured” jurisdiction; (2) that the evidence presented at trial was insufficient to establish the interstate commerce element of the Hobbs Act robbery; and (3) that the trial court erred in instructing the jury on the interstate commerce element of the Hobbs Act robbery. The parties’ familiarity with the underlying facts and procedural history of this case, and the issues presented for review, is assumed.

A. “Manufactured” Jurisdiction.

Relying primarily on United States v. Archer, 486 F.2d 670 (2d Cir.1973), as interpreted by United States v. Wallace, 85 F.3d 1063 (2d Cir.1996), the appellants argue that the government improperly “manufactured” federal jurisdiction in this case. Under Wallace,
the “manufactured jurisdiction” concept is properly understood not as an independent defense, but as a subset of three possible defense theories: (i) the defendant was entrapped into committing a federal crime, since he was not predisposed to commit the crime in the way necessary for the crime to qualify as a federal offense; (ii) the defendant’s due process rights were violated because the government’s actions in inducing the defendant to commit the federal crime were outrageous; or (iii) an element of the federal statute has not been proved, so federal courts have no jurisdiction over the crime.
85 F.3d at 1065-66 (citations omitted).
An entrapment defense is not viable in this case. There was sufficient evidence for the jury to conclude that the Tranthams were predisposed to commit a robbery affecting interstate commerce. See United States v. Brand, 467 F.3d 179, 189 (2d Cir.2006) (government may defeat entrapment defense by showing that de *87 fendant was predisposed to commit the crime).
The due process argument also fails. “Time and again ... we have upheld convictions stemming from sting operations.” United States v. LaPorta, 46 F.3d 152, 159 (2d Cir.1994). To be sure, there are exceptional cases in which deception by the government creating the interstate nature of the crime may require reversal. See Archer, 486 F.2d at 672 (“We do not at all share the Government’s pride in its achievement of causing the bribery of a state assistant district attorney by a scheme which involved lying to New York police officers and perjury before New York judges and grand jurors....”) This is not such a case. Cf. Wallace, 85 F.3d at 1066 (rejecting claim of violation of due process made on similar grounds). Although the DEA concocted and executed an elaborate ruse by inviting the defendants to rob a stash house that did not in fact exist, we conclude that such conduct does not rise to the level of being “so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction against the accused.” United States v. Schmidt, 105 F.3d 82, 91 (2d Cir.1997) (internal quotation marks omitted).
The remaining question, therefore, is whether the government failed to prove an element of the federal statute. This brings us to the second argument advanced by the appellants: that the evidence presented at trial was insufficient to establish the interstate commerce element of a Hobbs Act robbery.

B. Insufficiency of Evidence for Interstate Commerce Element of Hobbs Act.

The appellants argue that the evidence was insufficient to establish that the narcotics in the case originated out-of-state or crossed international or state lines, or that they were aware of the interstate nature of the drugs. In reviewing sufficiency of the evidence claims, we ask whether “no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.” United States v. McDermott, 245 F.3d 133, 137 (2d Cir.2001)(internal quotation marks omitted).
Sufficient evidence was presented at trial to support the finding that the robbery would have affected interstate or foreign commerce. Cf. United States v. Fabian, 312 F.3d 550, 556 (2d Cir.2002)(“the Hobbs Act[ ] requires that the criminal conduct affect interstate or foreign commerce”), abrogated on other grounds by United States v. Parkes, 497 F.3d 220, 230 (2d Cir.2007); see also 18 U.S.C. § 1951(b)(3)(“The term ‘commerce’ means ... all commerce between any point in a State ... and any point outside thereof....”). The government presented evidence that the robbery conspiracy targeted cocaine and proceeds from the sale of cocaine, and a witness for the government testified that cocaine is smuggled into the United States from abroad. Even though the targeted cocaine did not in fact exist, “[fjactual impossibility” is no defense to a Hobbs Act conspiracy charge, United States v. Clemente, 22 F.3d 477, 480-81 (2d Cir.1994)(internal quotation marks omitted); the defendant is guilty of a Hobbs Act conspiracy if interstate commerce would have been affected had the facts been as the defendant believed them to be, see Fabian, 312 F.3d at 555; accord United States v. Orisnord, 483 F.3d 1169, 1177 (11th Cir.2007) (conspiracy to rob fictional stash house). While the government must “prove” a fictional scenario in which interstate commerce would have been affected had the facts been as the defendant be *88 lieved them to be, cf. United States v. Feola, 420 U.S. 671, 695-96, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), the government met that burden here, by establishing that cocaine (the target of the conspiracy) is smuggled into the United States and thus invariably implicates interstate or foreign commerce. Cf. United States v. Giordano, 693 F.2d 245, 250 (2d Cir.1982) (“[T]he government should be given an opportunity to prove, as it says it can, that any piano store in New York State is engaged in an activity affecting commerce.”).

C. Error in Jury Instructions.

Finally, the appellants argue that the district court failed to properly instruct the jury on the Hobbs Act’s interstate commerce element. They complain that the jury should have been required to find that the robbery conspiracy affected or could have affected commerce. The district judge instructed the jury as follows:
Interstate commerce means commerce between any two or more states or with a foreign country. The effect on commerce can be minimal. It does not need to be a direct effect and does not need to be immediate. It does not matter whether the defendant anticipated that the robbery would have some effect on interstate or foreign commerce if it was likely to have such an effect, were it successful.
In Parkes, we stated that “[t]he jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce. Even a potential or subtle effect on commerce will suffice.” 497 F.3d at 230 (internal quotation marks omitted). We therefore conclude that the district court’s instruction accurately described the law.
For the foregoing reasons, we hereby AFFIRM the judgment of the district court.